# United States Court of Appeals for the Fifth Circuit

————————

No. 25-40339
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON PAUL TILL,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-20-1

————————————————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jason Till appeals the sentence imposed for attempted production of child pornography. He challenges the procedural and substantive reasonableness of his within-guidelines sentence and contends that the prosecutor made improper comments during the sentencing hearing.

We review the reasonableness of a sentence using a bifurcated review.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40339

*Gall v. United States*, 552 U.S. 38, 51 (2007).  First, the district court has not committed any significant procedural error.  *See id.*  The court considered Till's arguments and stated multiple times that it had considered the 18 U.S.C. § 3553(a) factors.  It is well settled that "a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable."  *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Till has not shown error, plain or otherwise, from the district court's explanation of sentence.  *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

As there is no procedural error, we assess the substantive reasonableness of the sentence.  *See Gall*, 552 U.S. at 51.  A fair reading of the sentencing transcript demonstrates that the district court carefully considered the sentencing factors but was also concerned about Till's failure to appreciate the gravity of his offense and the need to protect the public from future crimes.  Till's arguments reflect a mere disagreement with the district court's weighing of the sentencing factors.  *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).  Till therefore fails to rebut the presumption of reasonableness afforded within-guidelines sentences.  *See United States v. Vargas*, 21 F.4th 332, 337 (5th Cir. 2021).

Lastly, Till has not shown that the prosecutor's arguments were improper.  *See United States v. Stephens*, 571 F.3d 401, 408 (5th Cir. 2009).  Those statements were based on reasonable inferences from the record and were made in response to testimony at sentencing and defense counsel's arguments.  *See United States v. Insaulgarat*, 378 F.3d 456, 461 (5th Cir. 2004); *United States v. Arce*, 997 F.2d 1123, 1130 (5th Cir. 1993).

The judgment is AFFIRMED.